### KEANS *vs.* JONES.

1. The presiding judge did not abuse his discretion in refusing to grant a new trial, after there had been three verdicts in favor of the defendant, in a case where the evidence was directly conflicting on all of the material issues.
2. Although an error is assigned in a ground of a motion for new trial because the court rejected a transcript from certain books, which was furnished by a witness in response to a *subpœna duces tecum*, in compliance with §3517 of the Code, yet when the transcript so rejected is not set out nor the ground of its rejection shown, it is impossible for this court to determine whether it was pertinent and relevant evidence.

May 1, 1886.

New Trial. Evidence. Practice in Supreme Court.

Before Judge BRANHAM. Floyd Superior Court. November Term, 1885.

Reported in the decision.

W. D. ELAM, by brief, for plaintiff in error.

No appearance for defendant.

HALL, Justice.

1. The judge did not abuse his discretion in refusing to grant a new trial, after there had been three verdicts in favor of the defendant, in a case where the evidence was directly conflicting on all the material issues presented.

2. We are unable to say that there was error in rejecting the transcript from the books of the witness, who furnished it in response to a *subpœna duces tecum* served on him. While this transcript, whatever it was, appears to have been furnished in strict compliance with the provisions of the Code, §3517, yet it does not appear in the record, and it is impossible for us to determine whether it was pertinent and relevant evidence, nor does it appear upon what ground it was repelled, and in the absence of anything showing error, we must presume that the judge committed none. It is certainly incumbent upon the party alleging error to show it.

Judgment affirmed.